# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

ANDRE D. JOHNSON,             )
                                )
             Petitioner,          )
                                )
             v.                 )          CAUSE NO.: 3:09-CV-42-TS
                                )
SUPERINTENDENT,        )
                                )
             Respondent.       )

## OPINION AND ORDER

Andre D. Johnson is serving an aggregate 75-year sentence for robbery and being an habitual offender. He has filed this pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [DE 1] challenging his conviction and sentence. The Respondent argues that the Petition should be dismissed with prejudice because it is untimely. (Return to Order to Show Cause, DE 6.)

## FACTS

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Johnson's burden to rebut this presumption of correctness with clear and convincing evidence. *Id.* On direct appeal, the Indiana Supreme Court set forth the facts regarding Johnson' conviction as follows:

> Seventy-four year old Florence Hoke called her niece, Nancy Whiteman, at 8:30 a.m. on April 10, 1990, and told Whiteman that she was going to get license plates for her car. At 12:30 p.m., Whiteman called Hoke twice, but Hoke did not recognize her. Whiteman went to Hoke's apartment, where she discovered Hoke sitting in a chair holding her head. Whiteman called 911. Richard Bourdon, a paramedic, arrived and observed that Hoke was disoriented and unable to communicate. He observed a small bruise and a bump on the back of Hoke's

head. At the hospital later that day, Whiteman observed bruises on Hoke's knees and on one elbow.

Hoke was diagnosed as suffering a subdural hematoma, "a collection of blood that forms under the external cover of the brain." The treating physician testified that subdural hematomas are caused by trauma, which could result from "a blow to the head, a fall, or any type of force." Doctors performed a craniotomy, but Hoke never regained consciousness, and died approximately two months later from pneumonia and infection. Hoke's new license plates were found in her apartment, but her purse was missing. A leather bow resembling one that was on Hoke's purse was found on the ground near where Hoke's car was parked.

On April 10, 1990, Margaret Jackson resided with Homer Frison. Andre D. Johnson visited that morning and left with Frison. The two told Jackson that when they returned they "would either have some money or would have a way of making some money." When Frison and Johnson later met up with Jackson, they had a purse and a wallet containing credit cards belonging to Hoke. The trio went shopping, Jackson purchased cigarettes with the credit cards, and the trio sold the cigarettes to obtain money to purchase drugs.

*Johnson v. State*, 653 N.E.2d 478, 478–79 (Ind. 1995).

On appeal from state post-conviction review, the Indiana Court of Appeals set forth the following additional facts surrounding Johnson's offense and conviction:

In relation to Johnson's use of Hoke's credit cards, on April 26, 1990, the State charged Johnson with six counts of fraud, a Class D felony, attempted fraud, a Class D felony, and with being an habitual offender. On June 28, 1990, a jury found Johnson guilty of four counts of fraud, attempted fraud, and determined that he was an habitual offender. Hoke died two days later. On July 6, 1990, the trial court sentenced Johnson to three years for each offense, all but one to run consecutively, and enhanced the sentence by twelve years because of Johnson's habitual offender status. Johnson appealed his sentence, and our supreme court remanded with instructions that the trial court sentence Johnson under the then-existing Class D felony habitual offender statute. *Johnson v. State*, 593 N.E.2d 1181, 1182 (Ind. 1992).

On March 19, 1992, the State charged Johnson with robbery, a Class A felony, and felony murder. On August 28, 1992, the State added an habitual offender count. On June 30, 1993, the jury found Johnson guilty of robbery, and of being an habitual offender, and not guilty of felony murder. The trial court sentenced Johnson to fifty years for robbery, enhanced by twenty-five years for his status as an habitual offender, to run concurrently to his sentences for fraud. Our supreme

2

court affirmed Johnson's conviction. *Johnson*, 653 N.E.2d 478.

*Johnson v. State*, No. 71A05-0609-PC-499 (Ind. App. Ct. Sept. 18, 2007). After the Indiana Supreme Court affirmed, Johnson did not seek certiorari in the United States Supreme Court. [*See* DE 6-3 at 5; DE 1 at 3.]

On March 21, 1997, Johnson filed a petition for post-conviction relief in the state trial court, which was denied on July 28, 2006. [DE 6-8 at 4; DE 6-6 at 24-26.] Johnson appealed, and on September 18, 2007, the Indiana Court of Appeals affirmed the denial. [DE 6-6; DE 6-8.] Johnson sought transfer to the Indiana Supreme Court, but this request was denied on February 22, 2008. [DE 6-5 at 6.] Johnson filed this federal habeas petition on January 29, 2009. [DE 1.]

# ANALYSIS

Johnson's Petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under the AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations. Pursuant to 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244.

In this case, Johnson's convictions became final on October 19, 1995, when the time for seeking certiorari on direct review expired. Because Johnson's conviction became final prior to the enactment of AEDPA, he had one year from the date of AEDPA's enactment, or until April 24, 1997, to file a federal habeas petition. *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002).

On March 21, 1997, Johnson filed a state post-conviction petition. [DE 6-8 at 4.] As of this date, there were only thirty-four days remaining in the one-year limitations period. Pursuant to 28 U.S.C § 2244(d)(2), Johnson's state post-conviction petition tolled the limitations period until those proceedings concluded on February 22, 2008. The limitations period began running again on this date, with thirty-four days remaining for a timely petition to be filed. Johnson did not file a federal petition within that time frame, and instead waited nearly a year, until January 29, 2009, to file this Petition. The Petition is thus untimely under 28 U.S.C § 2244(d).

Johnson does not dispute that his Petition is untimely under this analysis, but requests that the court equitably toll the limitations period. [DE 10-2 at 3-5.] Equitable tolling is a common law doctrine that may be applied to excuse an untimely filing if the petitioner can establish that he pursued his rights diligently but was unable to file on time due to some extraordinary circumstance that stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Supreme Court has never squarely addressed whether equitable tolling applies in the habeas context. *See Lawrence v. Florida*, 549 U.S. 327, 335 n.3 (2007) (assuming without

deciding that equitable tolling was available to habeas petitioner); *Pace*, 544 U.S. at 418 n.8 (noting that the issue remained an open question). Assuming it applies, equitable tolling is reserved for truly extraordinary circumstances, and the Seventh Circuit has yet to identify a case where equitable tolling was warranted. *See Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) ("[W]e have yet to identify a petitioner whose circumstances warrant [equitable tolling].").

Johnson argues that he is entitled to equitable tolling due to the negligence of his post-conviction counsel, whom he alleges did not tell him about the deadline, and due to his lack of knowledge of the law. [DE 10-2 at 3-5.] The Seventh Circuit has held that attorney negligence or a prisoner's lack of knowledge of the law are not the type of extraordinary circumstances that would warrant equitable tolling. *See Tucker*, 538 F.3d at 735 (prisoner's limited legal resources and lack of knowledge of the law did not constitute extraordinary circumstances warranting equitable tolling); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (lack of knowledge of the law was not ground for equitable tolling); *Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002) (lawyer's negligence was not a valid basis for equitable tolling); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999) ("[F]orcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer."). Under these circumstances, Johnson has not established that he is entitled to the extraordinary remedy of equitable tolling. His Petition is therefore untimely and cannot be reviewed on the merits.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus [DE 1] is **DISMISSED WITH PREJUDICE** as untimely.

SO ORDERED on January 12, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION